IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

TRACY E. WADE, Administratrix of the
Estate of RICHARD BRIAN WADE,

      Plaintiff,

v.                                      Civil Action No. 3:12-cv-608
                                         Judge Robert C. Chambers

UNITED STATES OF AMERICA,

      Defendant.

## DEFENDANT UNITED STATES OF AMERICA'S
## RESPONSE TO ALTER OR AMEND THE JUDGMENT

The court should deny plaintiff's motion because there is no error or manifest injustice in the Court's Memorandum Opinion and Order. (ECF No. 66). Plaintiff's argument that the court failed to address the issue of Acute Coronary Syndrome (ACS) is without merit as the trial testimony by Nurse Wright, Dr. Fintel, and Dr. Magorien are in agreement that a diagnosis or suspicion of ACS is dependent upon the history given by the patient. (TT1 29-52, 85). (TT2, 22, 36, 38, 40, 41, 63-66).[1] The court properly analyzed and considered the issue of the history taken by Nurse Wright and found that it met the standard of care thereby negating that she should have considered ACS. (ECF No. 66).

As pointed out by Nurse Wright in her testimony, Mr. Wade did not present to the

---

[1] The referenced pages of the trial transcript (TT) are attached. The transcript was also filed. (ECF Nos. 79, 80).

VA with any active cardiac symptoms.  Based on what she had been taught, serum cardiac biomarker tests would not have been accurate at the time of her exam of Mr. Wade since Mr. Wade because he did not present with chest pain and he did not complain of having any chest pain within the hours preceding his evaluation at the VA.  Nurse explained that if Mr. Wade had complained of active chest pain at the time of the exam or in the days leading up to the exam, she would have referred him for further evaluation by a physician.  However, Mr. Wade did not provide any such history, he had a normal EKG, and a normal chest x-ray.  Based on these facts and the results of her examination, she ordered an outpatient cardiac stress test.  (TT1 29-31, 33, 41-44).  Nurse Wright testified that she believed she did not do anything wrong when she ordered an outpatient stress test under these circumstances.  (TT1 17, 35-36).

     Nurse Wright was questioned about the AHA guidelines by plaintiff's counsel.  While Mr. Wade had certain risk factors for coronary artery disease and Nurse Wright had considered unstable angina as one of her differential diagnoses, she did not believe that Mr. Wade had an acute coronary syndrome requiring immediate inpatient evaluation.  Nurse Wright testified that serum biomarker tests were not required because Mr. Wade had not reported experiencing any active or recent chest pain.  As Nurse Wright explained, she had been taught that such tests are not accurate unless performed within a few hours of experiencing chest pain.  (TT1 30-31).  She also testified that observation was not required because Mr. Wade did not report any symptoms requiring such observation under the guidelines.  (TT1 31-33).  Nurse Wright denied that she violated the standard of care under the guidelines:

> Q. Well, based upon what you have testified—what you answered before, you would conclude that you did not meet the standard of care; right?
>
> A. No.
>
> Q. I'm correct; right?
>
> A. No.
>
> Q. I'm not correct?
>
> A. You're not correct.

(TT1 35-36).

Moreover, the expert witness testimony from both the plaintiff's expert, Dr. Fintel, and the United States' expert, Dr. Magorien, support the Court's verdict and judgment. Despite the arguments of plaintiff's counsel, both Dr. Fintel and Dr. Magorien testified that based on the history given by Mr. Wade to Nurse Wright, and the results of the EKG and chest x-ray, Nurse Wright met the standard of care and was within the standard of care when she ordered an outpatient cardiac stress test for Mr. Wade.

Dr. Fintel, plaintiff's cardiology expert, readily acknowledged that what would lead a practitioner to suspect ACS in a patient is the history: "So, the first action I think Nurse Practitioner Wright should have done was to ask those questions and then document those answers because the very process of eliciting that information will often lead to the diagnosis (i.e., ACS)." (TT1 69-70). Dr. Fintel also acknowledged that if Nurse Practitioner Wright asked those questions and got the answers as she testified that Mr. Wade did not give her information about any recent episodes of chest pain, then it was appropriate to treat him on an outpatient basis. Dr. Fintel stated:

3

> If indeed the hypothetical you posed to me he could not recall the last episode, its frequency or severity, and it was something in the distant past, as you asked in my deposition, my answer was then there is less urgency to admission or immediate testing. It all depends on the information that the patient gave.

(TT1 84-85). Dr. Fintel agreed that if Mr. Wade had come to the VA on March 10, 2011, and presented the history as described by Nurse Wright, then Nurse Wright's conduct on March 10, 2011, met the standard of care. (TT1 87-88).

Similar testimony was given by the United States' cardiologist expert Raymond Magorien, M.D. Dr. Magorien testified that if you wanted to rule out unstable angina[2] then the history from the patient is critical, as other testing may be normal. Dr. Magorien explained:

> Q. But if you wanted to rule out unstable angina, what, what's the gold standard for that?
>
> A. The gold standard is the story, the history.
>
> Q. Okay.
>
> A. The physical exam can be normal. The EKG can be normal. The gold standard is the history."

(TT2 36).

On examination by the Court, Dr. Magorien again emphasized that whether Nurse Practitioner Wright met the standard of care is dependent on the history she was given by Mr. Wade:

> Q. . . . as I understand it, it seems that in determining whether

---

[2] According to Dr. Magorien, ACS and unstable angina are often used interchangeably. (TT2 66).

>       or not Patricia Wright met the standard of care in her
>       assessment and treatment of Mr. Wade that day, the critical
>       factor is whether she had been informed that he had an
>       episode of chest pain as recently as two days before this
>       contact. Is that a fair statement?"
>
>       A. I think that is a fair statement.

(TT2 64-65).

Dr. Magorien went on to explain that the criteria for admission instead of outpatient treatment is a new onset of chest pain or an increase in the frequency or the intensity of the chest pain, a change in the angina pattern. (TT2 65-66). Dr. Magorien also found that nurse practitioner Wright's note of episodic chest pain was consistent with Mrs. Wade's testimony of two or three episodes of chest pain over a prolonged period of time. (TT2 32).

Moreover, Dr. Magorien testified at trial that Nurse Wright met the standard of care in her work-up, evaluation, and recommendations to Mr. Wade on March 10, 2011, including the ordering of an outpatient cardiac stress test. (TT2 18-21). The two major factors were the results of the EKG and the history given by Mr. Wade. (TT2 58-59). In addition, he explained that Mr. Wade did not present to the VA on March 10, 2011, with ACS because Mr. Wade did not have any active chest pain or coronary equivalent, did not present with a history of current or recent cardiac equivalents, the EKG was normal, and the physical exam did not reveal any active cardiac symptoms. (TT2 59). Dr. Magorien also did not see any indication for ordering serum cardiac biomarker (enzyme) tests based on the facts of this case. (TT2 58-59).

**Conclusion**

This case has always been about the history Nurse Wright obtained from Mr. Wade. That history guided the decision making by Nurse Wright. The court's resolution that Nurse Wright met the standard of care in treating Mr. Wade as an outpatient is dispositive of the ACS issue as both are dependent on the history given by the patient. The Court's verdict and judgment are supported by the testimony of Nurse Wright and the testimony of the expert witnesses of the plaintiff and the United States. Accordingly, plaintiff's motion should be denied.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney


**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov


**s/Stephen M. Horn**
Assistant United States Attorney
WV State Bar No. 1788
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV  25301
O: 304-345-2200
F: 304-347-5443
E: steve.horn@usdoj.gov
*Counsel for United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

TRACY E. WADE, Administratrix of the
Estate of RICHARD BRIAN WADE,

      Plaintiff,

v.                                         Civil Action No. 3:12-cv-608
                                           Judge Robert C. Chambers

UNITED STATES OF AMERICA,

      Defendant.

## CERTIFICATE OF SERVICE

    I, Fred B. Westfall, Jr., Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on April 8, 2014, I electronically filed the foregoing ***Defendant United States Of America's Response To Alter Or Amend The Judgment*** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participant:

    Matthew C. Lindsay
    Richard D. Lindsay

                                           **s/Fred B. Westfall, Jr.**
                                           WV State Bar No. 3992
                                           Assistant United States Attorney
                                           P.O. Box 1713, Charleston, WV  25326
                                           Phone: 304-345-2200 | Fax: 304-347-5443
                                           E-mail: fred.westfall@usdoj.gov

                                           **s/Stephen M. Horn**
                                           Assistant United States Attorney
                                           WV State Bar No. 1788
                                           United States Attorney's Office
                                           P.O. Box 1713, Charleston, WV  25326
                                           P: 304-345-2200 | F: 304-347-5443
                                           E: steve.horn@usdoj.gov
                                           *Counsel for United States*